UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATAPULT LEARNING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV924-DJS |
| ) | |
| BOARD OF EDUCATION OF THE CITY ) | |
| OF ST. LOUIS, ETHEL HEDGEMAN ) | |
| LYLE ACADEMY, and ) | |
| SPECIAL ADMINISTRATIVE BOARD ) | |
| FOR THE TRANSITIONAL SCHOOL ) | |
| DISTRICT OF THE CITY OF ) | |
| ST. LOUIS, ) | |
| ) | |
| Defendants. ) | |

### ORDER

The matters now before the Court are defendant Board of Education of the City of St. Louis' motion to dismiss [Doc. #35] and defendant Special Administrative Board for the Transitional School District of the City of St. Louis' motion to dismiss [Doc. #43]. The matters have been fully briefed and are ready for disposition.

### Background

On November 12, 2007, plaintiff Catapult Learning, LLC filed a second amended complaint against, among others, defendant Board of Education of the City of St. Louis and defendant Special Administrative Board for the Transitional School District of the City of St. Louis (hereinafter collectively referred to as "defendants"). Plaintiff alleges that it is owed $92,460.00 for educational services provided to the Ethel Hedgeman Lyle Academy ("Academy") during the 2005-06 school year. Plaintiff's second

amended complaint asserts one cause of action against defendants, a claim for money had and received.

### Standard of Review

In considering a motion to dismiss a complaint for failure to state a claim, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. Id. Thus, as a practical matter, a dismissal for failure to state a claim should be granted only in a case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. Id.

### Facts

For purposes of these motions, plaintiff has alleged and the Court presumes as true the following facts. Academy is a "charter school" located in St. Louis, Missouri. Pursuant to a written contract, Education Station, LLC provided supplemental educational services to Academy students during the 2005-06 school year, and was to receive $92,460.00 for such services. Plaintiff is a successor in interest to Education Station with respect to Education Station's right to receive and collect payments for the supplemental educational services that Education Station provided at Academy during the 2005-06 school year.

Defendants are the governing boards of the St. Louis Public Schools, and each have or together share control over the state funds that are allotted to pay for supplemental educational services. Plaintiff alleges that the Board of Education of the City of St. Louis or the Special Administrative Board for the Transitional School District of the City of St. Louis, or both, has received $92,460.00 or more from the Missouri Department of Elementary and Secondary Education, and that said funds were "specifically allotted" for payment to Education Station for the supplemental education services it provided to Academy. Doc. #33, ¶33. Defendants have not released those funds to Academy to pay plaintiff, and have further refused to directly disburse those funds to either Education Station or plaintiff. Plaintiff alleges that defendants have been unjustly enriched by the amount of the funds, and that defendants' retention of the funds is wrongful.

## Discussion

Defendants, in support of their motions to dismiss, argue: (1) that plaintiff has not sufficiently pled a claim for money had and received; and (2) that plaintiff's claim for money had and received is barred by Mo. Rev. Stat. § 432.070.[1] Both arguments are discussed below.

---

[1] The Court notes that defendants' third argument, that they are entitled to sovereign immunity with regard to plaintiff's claim against them, was specifically abandoned in their joint brief in reply to plaintiff's brief in opposition to defendants' motions to dismiss.

**Money Had and Received**

Missouri law controls this diversity case. Under Missouri law, "in order for a plaintiff to make a submissible case for money had and received, he must establish the following elements: (1) that the defendant received or obtained possession of the plaintiff's money; (2) that the defendant thereby appreciated a benefit; and (3) that the defendant's acceptance and retention of the money was unjust." Ward v. Luck, 242 S.W.3d 473, 476 (Mo. App. 2008) (citation omitted). It is not necessary that defendants took or received money <u>from plaintiff</u> "in order to justify a money had and received claim." Bueneman v. Zykan, 181 S.W.3d 105, 113 (Mo. App. 2005). Further, it is not necessary that the money was <u>mistakenly or improperly</u> paid to a defendant. Rather, as an action for money had and received is one "levying tribute on equitable...doctrines," a money had and received action "lies where the defendant has received or obtained possession of the money of the plaintiff, which, in equity and good conscience, he ought to pay over to the plaintiff." Investors Title Co. v. Hammonds, 217 S.W.3d 288, 293-94 (Mo. 2007) (quotation omitted); see also id. at 296-97 (finding a case for money had and received sufficiently pled where (1) defendant "obtained money from [plaintiff] to which it was not entitled," (2) defendant "received and appreciated a benefit," and (3) defendant's "acceptance and retention of the [money] was unjust").

In this case, plaintiff has sufficiently pled that defendants obtained possession of money <u>specifically allotted</u> to

- 4 -

pay Education Station (funds to which plaintiff is a successor in interest), that defendants were enriched (and thereby appreciated a benefit), and that defendants' retention of the money is wrongful (thereby being unjust).[2]  Accordingly, the Court finds that plaintiff has adequately pled the elements of money had and received under Missouri law.

**Mo. Rev. Stat. § 432.070**

Defendants next argue that plaintiff's claim is barred by Mo. Rev. Stat. § 432.070. That statute states:

> No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same... including the consideration, shall be in writing...and shall be subscribed by the parties thereto...."

Mo. Rev. Stat. § 432.070. The purpose of the statute "is to protect the governmental entity upon which another seeks to impose or enforce some claimed contractual obligation or agreement...[and] is not for the protection of the person seeking to impose the contractual agreement upon the governmental entity." Pub. Water Supply Dist. No. 16 v. City of Buckner, 44 S.W.3d 860, 864 (Mo. App. 2001). As relevant to the case at hand, the statute has been interpreted by Missouri courts "to preclude recovery against a school district on any theory of implied contract." Mays-Maune & Assocs. v. Werner Bros., Inc., 139 S.W.3d 201, 208 (Mo. App. 2004)

---

[2]Although the words "wrongful" and "unjust" may not be entirely synonymous, plaintiff has further pled that the defendants have been "unjustly enriched in the amount of [$92,460.00]." Doc. #33, ¶40 (emphasis added). From this context, the Court finds that plaintiff has sufficiently pled the third element of a money had and received claim.

(citing Strain-Japan R-16 Sch. Dist. v. Landmark Sys., Inc., 51 S.W.3d 916, 922 (Mo. App. 2001)). "The fact that [a] school district has received the benefit of [a] plaintiff's performance does not make it liable on the theory of implied contract." Id. (citing Duckett Creek Sewer Dist. v. Golden Triangle Dev. Corp., 32 S.W.3d 178, 183 (Mo. App. 2000)). Even if a plaintiff has pled the existence of a contract with a school district, Missouri courts have concluded that a claim for unjust enrichment "is prohibited." Id.; see also St. Charles County v. A Joint Bd. or Comm'n, 184 S.W.3d 161, 165 (Mo. App. 2006) ("It is well settled law in Missouri that a contract made with a [government entity] in violation of the requirements in section 432.070 is void.").

However, "[a]n action for money had and received is a <u>legal action</u>" and therefore "is not based on a contract implied in fact" but rather "rests on...a contract implied at law." Karpierz v. Easley, 68 S.W.3d 565, 571, 573 (Mo. App. 2002) (emphasis in original). To wit, the Missouri Supreme Court very recently concluded that the reasons that Mo. Rev. Stat. § 432.070 prohibits unjust enrichment claims against government entities <u>are not</u> applicable to actions for money had and received.

> Since the [government entity] obtained money from [plaintiff] to which it was not entitled, the law compels its return. The [government entity's] obligation in this regard is implied in law, and section 432.070 will not preclude the return of money that the [government entity] was never authorized to collect. This conclusion does not run afoul of any of the cases cited by [the government entity] that precluded recovery on contracts implied in

> fact and gives effect to the intent
> of...section 432.070.

Investors Title Co., 217 S.W.3d at 296. Accordingly, while claims for unjust enrichment against a school board are barred by Mo. Rev. Stat. § 432.070, Missouri courts have permitted claims for money had and received against entities to which Mo. Rev. Stat. § 432.070 specifically applies.

Defendants argue that plaintiff's money had and received claim is nothing more than a precluded unjust enrichment claim. However, as the Court has found above, plaintiff has, on the face of its complaint, properly pled a claim for money had and received. As such claims are cognizable against a school board under Missouri law, the Court will not dismiss plaintiff's claim against defendants.

For the above-stated reasons,

**IT IS HEREBY ORDERED** that defendant Board of Education of the City of St. Louis' motion to dismiss [Doc. #35] is denied.

**IT IS FURTHER ORDERED** that defendant Special Administrative Board for the Transitional School District of the City of St. Louis' motion to dismiss [Doc. #43] is denied.

Dated this   8th   day of April, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE